

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOAD WATTAR LIVING TRUST OF 1992, REVISED IN 1996, by RICHARD SHARIF, Individually and as Trustee of SOAD WATTAR LIVING TRUST OF 1992 and RAGDA SHARIFEH, <br><br> Plaintiffs, <br><br> v. <br><br> JENNER & BLOCK, P.C., MATTHEW RICE, ANDERS WICK and TANYA STANISH, Individually and as agents for JENNER & BLOCK and SOUZAN SHARIF, and SOUZAN SHARIF, a Citizen of the Republic of Syria, and A.G. EDWARDS & SONS, INC., a Foreign (Missouri) Corporation, <br><br> Defendants. | No. 04 C 6390 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, contending that defendants have illegally obtained funds from the Soad Wattar Living Trust of 1992, have sued defendants for fraud, conspiracy, malicious prosecution and violations of the Securities and Exchange Act of 1934. The case is before the Court on defendant Jenner & Block, Matthew Rice, Anders Wick, Tanya Stanish and Souzan Sharif's ("defendants") motion to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim. For the reasons set forth below, the Rule 12(b)(6) motion is granted, the federal claim is dismissed and the Court declines to exercise its supplemental jurisdiction over plaintiffs' state-law claims.

## The Legal Standard

There are two kinds of Rule 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis for jurisdiction. Facial attacks are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiffs' favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir.), *cert. denied*, 540 U.S. 1003 (2003). However, in factual attacks, like this one, the Court may consider affidavits and other evidence in deciding the motion. *Id.* In either case, the burden of proving that jurisdiction exists rests with the plaintiffs. *Id.*

On a Rule 12(b)(6) motion to dismiss, as noted above, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiffs' favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Facts

Defendant Souzan and plaintiff Richard are in the midst of divorce proceedings in state court. (Compl. ¶ 1.) Souzan is represented in that proceeding by defendants Rice, Wick and Stanish, all of whom are attorneys with defendant Jenner & Block. (*Id.*)

In the course of that proceeding, on August 6, 2004, the state court ordered Richard to make various payments to, or on behalf of, Souzan. (*Id.*, Ex. 6.) That order also enjoined Richard, with certain exceptions not relevant here, from withdrawing or transferring any assets from various accounts he has with defendant A.G. Edwards. (*Id.*)

2

On September 30, 2004, the state court entered another order, which directed A.G. Edwards to transmit $16,960.80 from accounts in Richard's name to Jenner & Block's client trust account to pay for past due condominium association fees for Souzan's residence. (*Id.*, Ex. 7.)

On October 4, 2004, plaintiffs filed this suit, seeking to enjoin the state court proceedings and recoup the damages they allegedly sustained as a result of the state court's orders.

## Discussion

Defendants contend that this suit is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is rooted in two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the Supreme Court held that it was the only federal court authorized to reverse or modify an erroneous state court judgment. *Rooker*, 263 U.S. at 415-16 In *Feldman*, the Supreme Court held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482. "Taken together, *Rooker* and *Feldman* stand for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (internal citation omitted).

There are two hurdles to the application of *Rooker-Feldman* to this case. The first is that plaintiffs are complaining about an interlocutory state-court order, not a final judgment. Our court of appeals has held that *Rooker-Feldman* bars review of such orders if the object of the federal suit is to make an "end run around an adverse state court ruling." *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003). That appears to be the case here, as the injuries Richard allegedly suffered were the direct result of the state court's September 30, 2004 order. (*See, e.g.*, Compl. ¶ 23 (alleging that

3

"[Richard was] deprived of the use of [the] funds [in his A.G. Edwards accounts] and los[t] the interest therein upon said funds being withdrawn and converted to Defendants['] use").

The extent to which *Schmitt* survives the Supreme Court's recent decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517 (2005), however, is unclear. The plaintiffs in that case were subsidiaries of Exxon Mobil that had formed joint ventures with Saudi Basic Industries ("SBI") to produce polyethylene in Saudi Arabia. *Id.* at 1525. Years later, Exxon Mobil disputed the royalties SBI charged the joint ventures for sub-licenses to a polyethylene manufacturing process. *Id.* SBI filed suit against Exxon Mobil in Delaware state court seeking a declaration that the royalties were proper. *Id.* Immediately thereafter, Exxon Mobil sued SBI in federal court alleging that SBI had overcharged, claims it later asserted as counterclaims in the state-court suit. *Id.*

SBI moved to dismiss the federal suit on immunity grounds. *Id.* The district court denied the motion and SBI appealed. *Id.* While the federal appeal was pending, the state suit went to trial, resulting in judgment for Exxon Mobil. *Id.* That judgment, the Third Circuit held, deprived the district court of jurisdiction over Exxon Mobil's federal court suit pursuant to the *Rooker-Feldman* doctrine. *Id.* at 1525-26.

The Supreme Court disagreed. Noting that the *Rooker-Feldman* doctrine had been "construed to extend far beyond the contours of the *Rooker* and *Feldman* cases," the Court said it had granted certiorari "to resolve [the] conflict among the Courts of Appeals over the scope of the ... doctrine." *Id.* at 1521, 1526. That doctrine, the Court said:

> is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the

circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Id.* at 1521-22. The issue of interlocutory orders was not addressed in *Exxon Mobil*. But the Court's stated desire to rein in expansive interpretations of *Rooker-Feldman* leaves its application to non-final orders in doubt.

Even if *Rooker-Feldman* applies to interlocutory orders, there is another hurdle to its application in this case: "The [*Rooker-Feldman* doctrine] can apply only where the plaintiff had a reasonable opportunity to raise his federal claim in state proceedings." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999) (citation omitted). The federal securities claim plaintiffs assert in this suit cannot be raised in state court. *See* 15 U.S.C. § 78aa (stating that federal courts have "exclusive jurisdiction" over claims for violations of the anti-fraud provisions of the Securities and Exchange Act of 1934). Because plaintiffs could not have raised their claim that defendants' actions violated the federal securities statute in state court, *Rooker-Feldman* does not bar them from raising it here.

Because the state court proceeding is ongoing, we will also consider whether abstention is appropriate. The domestic relations exception to jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), none of which plaintiffs seek in this case. Moreover, the *Ankenbrandt* Court suggested that *Burford* abstention might be appropriate in a domestic relations case if the "case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," *id.* at 705-06 (citation omitted), but that situation is not present here. Further, *Younger* abstention might be proper if plaintiffs could raise their federal

5

claims in the state proceeding, *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n,*, 457 U.S. 423, 432 (1982), but, as noted above, they cannot. *Colorado River* abstention is similarly inapt because the state and federal suits are not parallel, such that "the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (citation omitted). Finally, *Pullman* abstention is inappropriate because this case does not involve "substantial uncertainty as to the meaning of [a] state law" or "a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling." *Int'l College of Surgeons v. City of Chi.*, 153 F.3d 356, 365 (7th Cir. 1998). In short, none of the abstention doctrines provides a basis for the Court to stay its hand in this case.

The fact that we have, and should exercise, jurisdiction over this suit, does not, however, mean that it has merit. Plaintiffs' sole federal claim, that defendants violated the Securities and Exchange Act of 1934, is groundless. That statute forbids the use of any "manipulative or deceptive device" in "connection with the purchase or sale of any security." 15 U.S.C. § 78j(b). Plaintiffs have not alleged that either they or defendants bought or sold any securities. Rather, they allege that the proceeds of certain of Richard's investment accounts were transferred to Souzan by A.G. Edwards pursuant to a court order. (*See* Compl., Ex. 7, 9/30/04 Order.) Because plaintiffs have affirmatively alleged that none of the parties purchased or sold securities, they have no basis for a Securities and Exchange Act claim.[1] *See Davidson v. Belcor, Inc.*, 933 F.2d 603, 608 (7th Cir. 1991) (dismissing claim of plaintiff who did not have input into contested investment decision because

---

[1]Even if that claim did have merit, the Anti-Injunction Act would prevent us from enjoining the state court from enforcing its September 30, 2004 order. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

"any alleged misrepresentations or omissions on the part of the defendants were not made in connection with the purchase or sale of any security"). Absent a viable federal claim, we have no reason to exercise supplemental jurisdiction over plaintiffs' state-law claims. *See* 28 U.S.C. § 1267(c)(3) (stating that district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"). Thus, even though we have jurisdiction over plaintiffs' claims, they must still be dismissed.

## Conclusion

For all of the reasons stated above, defendants' motion to dismiss [doc. nos. 11 & 21 ] is granted as to plaintiffs' federal claim (Count III), which is dismissed with prejudice. The Court declines to exercise its supplemental jurisdiction over plaintiffs' state-law claims (Counts I, II and IV), which are dismissed without prejudice. Plaintiffs' motion for a preliminary injunction [doc. no. 2] is denied and document number 15, which is incorrectly docketed as a motion, is administratively terminated. This case is hereby terminated.

**SO ORDERED**  ENTERED: JUL - 1 2005

HON. RONALD A. GUZMAN
**United States District Judge**